# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Trustees of the
BRICKLAYERS PENSION TRUST FUND – METROPOLITAN AREA; BRICKLAYERS AND TROWEL TRADES INTERNATIONAL RETIREMENT SAVINGS PLAN; BRICKLAYERS HOLIDAY TRUST FUND, METROPOLITAN AREA; TROWEL TRADES HEALTH AND WELFARE FUND, DETROIT AND VICINITY, BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; DETROIT METROPOLITAN MASONRY JOINT APPRENTICESHIP AND TRAINING COMMITTEE; the BRICKLAYERS INTERNATIONAL MASONRY INSTITUTE and the LABOR-MANAGEMENT COOPERATION COMMITTEE;

Case No.:
HON.
Magistrate Judge:

Plaintiffs,

v.

AKINS CONSTRUCTION, INC., a Michigan limited corporation, and RANDY AKINS, an individual, jointly and severally,

Defendants.

| | |
|---|---|
| NOVARA TESIJA CATENACCI MCDONALD & BAAS, PLLC<br>ATTORNEYS FOR PLAINTIFFS<br>EDWARD J. PASTERNAK (P58766)<br>ALEX A. DOMBROW (p82753)<br>888 W. BIG BEAVER RD., SUITE 600<br>TROY, MI 48084<br>(248) 354-0380<br>ejp@novaralaw.com<br>aad@novaralaw.com | |

## COMPLAINT

NOW COME Plaintiffs, by and through their attorneys, NOVARA TESIJA CATENACCI MCDONALD & BAAS, PLLC, and for their Complaint, state as follows:

1.     Plaintiffs, the Trustees of the Bricklayers Pension Trust Fund – Metropolitan Area; Bricklayers and Trowel Trades International Retirement Savings Plan; Bricklayers Holiday Trust Fund, Metropolitan Area; Trowel Trades Health and Welfare Fund, Detroit & Vicinity; Bricklayers and Trowel Trades International Pension Fund; Detroit Metropolitan Masonry Joint Apprenticeship and Training Committee; and the Bricklayers International Masonry (hereinafter "Funds") are each jointly trusted funds in the building and construction industry which were established pursuant to Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186, and Sections 302 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145.  The Trustees bring this action on behalf of themselves, the Funds and the Funds' participants.

2.     The B.A.C. Local Union No. 1, is a labor organization, as defined in LMRA with its principal place of business located at 21031 Ryan Road, Warren, MI 48091.  Local 1 has merged with Local 9 to form Local 2 ("Local 2"), but

maintains separate welfare and benefit funds and Collective Bargaining Agreements with the respective employers.

3. Upon information, knowledge and belief Defendant, Akins Construction, Inc. is a Michigan corporation (hereinafter referred to as "Company"), and the principal place of business being 6565 E. Nevada, Detroit, MI 48234.

4. Upon information and belief Randy Akins is the owner, officer, and president of Akins Construction, located at 6565 E. Nevada, Detroit, MI 48234.

5. Jurisdiction of this Court is founded on Section 301(a) of the LMRA, as amended, 29 U.S.C. Section 185(a) and Sections 502 and 515 of ERISA, 29 U.S.C. Section 1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA") and Federal common law. This Court also has pendent jurisdiction of any state-law claims ancillary to the relief sought herein.

## FACTUAL ALLEGATIONS

6. For all times relevant, Akins Construction has been and remains signatory to a Collective Bargaining Agreement ("CBA") with the Union.

7. By signing the CBA between the Union and Akins Construction, to which the Funds are third-party beneficiaries, Akins Construction agreed to make

timely employee fringe benefit contributions to the Funds for each employee covered by the CBA ("Employees") and to be bound by the terms and conditions set forth in the Funds' Trust Agreements ("Agreements").

8.     As an owner and operator with discretionary control over Akins Construction's day-to-day operations, Randy Akins is responsible for Akins Construction's compliance with its contractual and statutory obligations to the Plaintiffs, for ensuring the company is properly capitalized, following business formalities, and ensuring its fringe benefit contributions are paid.

9.     In operating Akins Construction, Defendant Randy Akins (a) failed to follow business formalities, (b) knowingly failed to adequately capitalize the business in a manner causing a failure to remit fringe benefit contributions to the Plaintiffs, and (c) committed fraud by divesting monies from the business while failing to make fringe benefit contributions to Plaintiffs.

10.     As a result of these failures, Defendant Randy Akins has purposefully avoided paying required fringe benefit contributions to the Funds by converting monies paid to Akins Construction for his personal use and/or use by Akins Construction.

11.     The individual Defendant, Randy Akins, is a plan fiduciary due to his exercise of authority and control over the Funds' assets, within the meaning of

ERISA §3(21)(A); 29 U.S.C. § 1002(21)(A).

## COUNT I
## ERISA: DELINQUENT CONTRIBUTIONS

12.     Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 11 as fully set forth herein.

13.     Pursuant to the collective bargaining agreement (hereinafter "CBA") between Company and the Union, Company agreed to submit to an audit of its payroll records and to make employee fringe benefit contributions and assessments to the Funds for each employee covered by the collective bargaining agreement, which are individuals in the appropriate bargaining unit who perform covered work ("Employees"), and to be bound by the terms and conditions set forth in the Funds' Trust Agreements (the "Trust Agreements").  Defendants have copies of all records within their files. The collective bargaining agreement is attached as **Exhibit 1**. The relevant Trust Agreements are attached hereto as **Exhibit 2** and made a part hereof by reference.

14.     The Funds are third-party beneficiaries of the parties' collective bargaining agreement.

15.     Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under

the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

16.     Company has violated both its contractual and statutory obligations by failing to make all of the fringe benefit contributions and assessments due on behalf of each Employee covered by the collective bargaining agreement and as incorporated in same, the relevant Trust Agreements.

17.     As a result of Company's violations of its contractual and statutory obligations, the Company has violated ERISA, the collective bargaining agreement and the relevant Trust Agreements.

18.     Plaintiffs are entitled to all remedies under ERISA, including, but not limited to, payment of fringe benefit contributions owed, audit assessments, liquidated damages, attorneys' fees and costs.

19.     At all relevant times, Defendant Company was bound to the parties' collective bargaining agreement.

20.     The Funds have been damaged in an amount as found due by April 23, 2021 audit in the amount of $103,913.26 covering the work months of October 2014 through September 2020 (see attached **Exhibit 3**).

WHEREFORE, Plaintiffs request that the Honorable Court grant the following relief:

a.    Enter a judgment in the Plaintiffs' favor against Company, in an amount of $103,913.26, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b.    Order an updated audit of the Company to determine any additional amount due the Plaintiffs;

c.    That jurisdiction of this matter be retained pending compliance with the Court's orders; and

d.    Any such other, further or different relief as may be just and equitable under the circumstances.

<u>**COUNT II**</u>
<u>**BREACH OF FIDUCIARY DUTIES**</u>

21.    Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 20 of their Complaint as fully set forth herein.

22.    Participants of the Funds were employed by Company to perform work and provide labor on various construction projects in the State of Michigan.

23.    The participants of the Funds provided labor and services, on behalf of Company, pursuant to the parties' CBA and thus earned outstanding fringe benefit contributions in connection with and in furtherance of their employment and labor on said projects.

7

24.     Company was obligated to pay fringe benefit contributions to the Funds for these participants on said projects.

25.     The outstanding accrued fringe benefit contributions were properly payable to the Funds administered by Plaintiffs when due.

26.     Company received monies on said projects, but failed to pay all of the fringe benefit contributions owed the Funds on said projects when due.

27.     The accrued fringe benefit contributions and monies in Company's possession, custody and/or control from said projects which were available to pay the participants' accrued fringe benefit contributions were to be held in trust by Defendants in their capacity as fiduciaries, as required by ERISA, 29 U.S.C. §1145, until Defendants paid to Plaintiffs said fringe benefit contributions in accordance with the terms and conditions of their CBA and Trust Agreements.

28.     The Trust Agreements for the Funds, incorporated by the relevant CBA, provide that unpaid contributions become plan assets at the time they become due.

29.     Defendants, including the individual Defendant, being Randy Akins, had actual and/or constructive notice of the above-referenced Trust Agreements and their respective amendments.

30.     Thus, Company accrued fringe benefit contributions owed to the Funds on said projects, that became plan assets of the respective Funds administered by Plaintiffs at the time they became due, as provided for in the Trust Agreement and Plan documents, within the meaning of ERISA §3(21)(A); 29 U.S.C. §1002(21)(A).

31.     ERISA provides that a person is a fiduciary with respect to the Funds to the extent that the person exercises any discretionary authority or control with the respect to the disposition of Plan assets. ERISA §3(21)(A); 29 U.S.C. § 1002(21)(A).

32.     Owners, officers, and/or directors of Company are considered fiduciaries of the Funds based upon the conduct and authority of said people, including, but not limited to, their personal exercise of discretionary authority and control over Funds' assets.

## RANDY AKINS

33.     Defendant Randy Akins as an owner, officer, and/or director of Company, and upon information, knowledge and belief, personally exercised discretionary authority and control over the disposition of Company's accrued fringe benefit contributions, being plan assets recognized by ERISA.

34.    Defendant Randy Akins, as an owner, officer, and/or director of Company is considered a fiduciary of the Funds based upon his conduct and authority over the contributions associated with same.

35.    Upon information, knowledge and belief, Defendant Randy Akins, as an owner, officer, and/or director of Company, personally exercised discretionary authority and control over the disposition of Company's accrued fringe benefit contributions, which are plan assets as defined by ERISA and the relevant Trust Agreement and Plan documents.

36.    Since Defendant Randy Akins, as an owner, officer, and/or director of Company personally exercised discretionary authority and control over Company's accrued fringe benefit contributions, being plan assets, he is a fiduciary of the Funds.

37.    Although legally and contractually obligated to do so, Defendant Randy Akins failed to turn over the above-mentioned plan assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due.

38.    Upon information, knowledge and belief, Defendant Randy Akins utilized the accrued outstanding fringe benefit contributions and monies within his possession, custody and/or control for purposes other than payment to Plaintiffs.

39.     In failing to turn over such plan assets to Plaintiffs, Defendant Randy Akins violated 29 U.S.C. §§1145, 1104 and 1109, and his obligations under the CBA and Trust Agreements.

40.     Defendant Randy Akins' failure to turn over the plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds and monies otherwise payable to Plaintiffs, constitutes a breach of fiduciary duties regarding the Funds pursuant to 29 U.S.C. §1104(a)(1)(A) and are violations of 29 U.S.C. §§ 1145, 1104 and 1109(a).

41.     Thus, by directing that Company's assets, which were owed to the Funds, be paid for other purposes instead of being deposited with the Funds for their participants and beneficiaries, Defendant Randy Akins failed to discharge his fiduciary duties with respect to the Funds solely in the interest of the participants and beneficiaries as required by ERISA 404(a)(1); 29 U.S.C. §1104(a)(1).

42.     ERISA imposes personal liability on a fiduciary that breaches fiduciary duties. 29 U.S.C. §1109.

43.     As a result of his above-mentioned actions, Defendant Randy Akins breached his fiduciary duties owed to the Funds and is thus, personally liable to the Funds for such breaches.

44.     Defendant Randy Akins knew or should have known that he would be held personally liable for her above-referenced actions.

45.     ERISA also provides that if there is a loss caused by a breach of fiduciary duty, the fiduciary must make the Plan whole by restoring any losses caused by the breach. 29 U.S.C. §1109.

46.     Due to the above-mentioned actions and/or inactions of Defendant Randy Akins, the loss to the Funds is $103,913.26.

47.     Defendant Randy Akins, as a fiduciary, must make the Funds whole by restoring the above-mentioned losses to be determined, to the Funds.

48.     As stated within, the Funds have been damaged in an amount found due by audit because of Defendant Randy Akins breach of his fiduciary duties.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a.      Enter a judgment in the Plaintiffs' favor against Company, and Randy Akins, in an amount of $103,913.26, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b.      Order an updated audit of the Defendants to determine any additional amount due the Plaintiffs;

c.      That jurisdiction of this matter be retained pending compliance with the Court's orders; and

d.     Any such other, further or different relief as may be just and equitable under the circumstances.

**COUNT III**
**MICHIGAN BUILDING CONTRACT FUND ACT**

49.     Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 48 of their Complaint as fully set forth herein.

50.     Participants of the Funds were employed by Defendant Company to perform work on various construction projects in the State of Michigan.

51.     Defendant Company has failed to pay all of the fringe benefit contributions owed the Funds on said projects.

52.     The Michigan Building Contract Fund Act (the "Act"), MCLR 570.151 et seq., imposes a trust on funds paid to a building contractor with subcontractors and material men as beneficiaries of said trust.

53.     Under the Act, Company and Randy Akins are fiduciaries and trustees for the Funds' participants, who are the beneficiaries of all monies paid to Company on said projects.

54.     The Defendants have failed to pay over to the Funds the monies held in trust and covered by the Act, which are due the Plaintiffs.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a.      Enter a judgment in the Plaintiffs' favor against Company, and Randy Akins, in an amount of $103,913.26, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b.      Order an updated audit of the Defendants to determine any additional amount due the Plaintiffs;

c.      That jurisdiction of this matter be retained pending compliance with the Court's orders; and

d.      Any such other, further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

NOVARA TESIJA CATENACCI MCDONALD & BAAS, PLLC

By: */s/Edward J. Pasternak*

Edward J. Pasternak (P58766)
Attorneys for Plaintiffs
888 West Big Beaver Road, Suite 600
Troy, MI  48084
(248) 354-0380
Dated:  January 28, 2022                    ejp@novaralaw.com

W:\Employee     Benefits-Labor     -     Corporate\ERISA     Clients\Bricklayers     Local     2\Collections☐Litigation☐Akins Construction\ComplaintAkins2022.doc